UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | | |
|---|---|---|
| FLORIDA FAMILY POLICY COUNCIL, | ) | |
| Plaintiff, | ) | 4:06cv395-RH/WCS |
| v. | ) | Civil Action No. _____ |
| THOMAS B. FREEMAN, in his official capacity as a member of the Florida Judicial Qualifications Commission; PEGGY GEHN, in her official capacity as a member of the Florida Judicial Qualifications Commission; PAUL L. BACKMAN, in his official capacity as a member of the Florida Commission on Judicial Qualifications; DAVID H. YOUNG, in his official capacity as a member of the Florida Judicial Qualifications Commission; MORRIS SILBERMAN, in his official capacity as a member of the Florida Judicial Qualifications Commission; JAMES R. WOLF, in his official capacity as a member of the Florida Judicial Qualifications Commission; JOHN P. CARDILLO, in his official capacity as a member of the Florida Judicial Qualifications Commission; MILES A. MCGRANE III, in his official capacity as a member of the Florida Judicial Qualifications Commission; HOWARD C. COKER, in his official capacity as a member of the Florida Judicial Qualifications Commission; MARTIN L. GARCIA, in his official capacity as a member of the Florida Judicial Qualifications Commission; SHIRLEE P. BOWNE, in her official capacity as a member of the Florida Judicial Qualifications Commission; LEONARD HABER, in his official capacity as a member | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

06 AUG 28  AM 9: 06

FILED

| | |
|---|---|
| of the Florida Judicial Qualifications Commission; STANLEY G. TATE, in his official capacity as a Member of the Florida Judicial Qualifications Commission; RANDOLPH BRACY, in his official capacity as a Member of the Florida Judicial Qualifications Commission; RICK MORALES, in his official capacity as member of the Florida Judicial Qualifications Commission; DONALD M. SPANGLER, in his official capacity as Chief Bar Counsel for The Florida Bar, Tallahassee; SUSAN V. BLOEMENDAAL, in her official capacity as Chief Bar Counsel for the Florida Bar, Tampa; JAN K. WICHROWSKI, in her official capacity as Chief Bar Counsel for the Florida Bar, Orlando; ADRIA QUINTELA, in her official capacity as Chief Bar Counsel for the Florida Bar, Ft. Lauderdale; ARELENE K. SANKEL, in her official capacity as Chief Bar Counsel for the Florida Bar, Miami,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

**COME NOW** Plaintiff Florida Family Policy Council ("FFPC") and, for its Complaint against the Defendants, state the following:

### Introduction

1.  This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States. It concerns the constitutionality of portions of Canon 3E(1) and Canon 3E(1)(f). It also concerns the constitutionality of Florida Judicial Ethics Advisory Committee Opinion 06-18, interpreting Canon 3E(1).

2

2. Plaintiff complains that Canon 3E(1)(f) on its face is unconstitutionally overbroad and vague, and is not narrowly tailored to satisfy a compelling interest. Plaintiff also complains that both Canon 3E(1)(f) and Canon 3E(1) as applied to the Questionnaires violate the First Amendment, insofar as they can be applied to prevent judges who have exercised their right to announce their views on disputed legal and political issues from hearing cases that address the issues on which they have spoken.

3. Canon 3E(1) requires a judge to disqualify himself or herself in a proceeding in which the judge's "impartiality might reasonably be questioned." Canon 3E(1)(f) specifically requires a judge to disqualify himself or herself when "the judge, while a judge or a candidate for judicial office, has made a public statement that commits, or appears to commit, the judge with respect to: (i) parties or classes of parties in the proceeding; (ii) an issue in the proceeding; or (iii) the controversy in the proceeding." Because of these two provisions, Defendants can enforce this Canon against judicial candidates who announce their views on disputed legal and political issues. Thus, Canons 3E(1) and 3E(1)(f), along with Advisory Opinion 6-18, forces judges to choose between speech and their duties, and FFPC is forced to decide between silence and publishing judicial candidates' responses and potentially subjecting those candidates to discipline – a choice that chills free speech and association – thereby violating the First and Fourteenth Amendments to the United States Constitution.

### Jurisdiction and Venue

4. This action arises under Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the Constitution of the United States.

5. The jurisdiction of this Court over the claims arising under 42 U.S.C. § 1983 is founded upon 28 U.S.C. § 1343(a). The jurisdiction over the claims arising under the First and Fourteenth Amendments is founded upon 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## Parties

7. Plaintiff Florida Family Policy Council ("FFPC") is a nonprofit organization registered in the state of Florida. FFPC is not associated with any political candidate, political party, or campaign committee. FFPC's office is located in the city of Orlando in Orange County, Florida. FFPC's Bylaws and Articles of Incorporation are attached as Exhibits 1 and 2 respectively. Plaintiff FFPC uses its questionnaires to gather and publish judicial candidates' views on legal and political issues and intends to do the same in future elections.

8. The Defendants are the members of the Florida Judicial Qualifications Commission ("JQC"), sued in their official capacities: Thomas B. Freeman, Peggy Gehn, Paul L. Backman, David H. Young, Morris Silberman, James R. Wolf, John P. Cardillo, Miles A McGrane III, Howard C. Coker, Martin L. Garcia, Shirlee P. Bowne, Leonard Haber, Stanley G. Tate, Randolph Bracy, and Rick Morales. JQC, created pursuant to the Florida Constitution, Article 5, § 12(a), is "vested with jurisdiction to investigate and recommend to the Supreme Court of Florida the removal from office of any justice or judge whose conduct . . . demonstrates a present unfitness to hold office, and to investigate and recommend the discipline of a justice or judge whose conduct . . . warrants such discipline." *Id.*

9. Defendants also include the Chief Disciplinary Counsels for the five Florida Branches of the Florida Bar Legal Division, Lawyer Regulation: Donald M. Spangler, Susan V.

Bloemendaal, Jan K. Wichrowski, Adria Quintela, and Arelene K. Sankel, all sued in their official capacities. Bar Counsel, "[p]rior to opening a disciplinary file, . . . shall review the inquiry made and determine whether the alleged conduct, if proven, would constitute a violation of the Rules Regulating The Florida Bar warranting the imposition of discipline." R. Regulating Fla. Bar 3-7.3. Florida Rule of Professional Conduct 4-8.2 provides that a "lawyer who is a candidate for judicial office shall comply with the applicable provisions of the code of judicial conduct." Bar counsel has authority to enforce Canon 3E(1)(f) and Canon 3E(1) against lawyers who are judicial candidates.

### Facts

10. Plaintiff FFPC gathers information and publishes questionnaires to educate citizens about judicial candidates. FFPC intends to publish responses to its 2006 General Election Candidate Questionnaire of judicial candidates before the general election on November 8, 2006, and also intends to do so in future elections.

11. In July 2006, FFPC mailed an explanatory cover letter and a "2006 Judicial Candidate Questionnaire" to all judicial primary candidates in the State of Florida. *See Explanatory Letter* attached as Ex. 3; *First 2006 Primary Judicial Candidate Questionnaire* attached as Ex. 4. The 2006 Primary Candidate Questionnaire explained that responses to the 2006 Primary Candidate Questionnaires were due by August 14, 2006. *See First 2006 Primary Judicial Candidate Questionnaire* attached as Ex. 4 at 2.

12. FFPC received 63 responses from judicial candidates. *See Judicial Candidate First Responses* attached as Exhibit 5. Of these, all but 16 of the candidates declined to respond to most, if not all of, the questions in the 2006 Primary Candidate Questionnaire. *See id.* at 17-

20, 22-23, 34-35, 57-58, 98-99, 102-03, 116-17, 123-24, 127-28 (offering substantive answers); *id.* 21, 28-29, 52, 112-13, 129, 133 (refusing to answer for reasons other than Canon 3). The candidates that declined to answer adopted the following statement provided on the questionnaire as their reason for doing so:

> This response indicates that I would answer this question, but believe that I am or may be prohibited from doing so by Florida Code of Judicial Conduct Canons 7(A)(3)(i) and (ii), which forbid judicial candidates from making "pledges or promises of conduct in office other than the faithful and impartial performance of the duties . . ." and from making "statements that commit or appear to commit the candidate with respect to cases, controversies, or issues that are likely to come before the court . . . "  This response also indicates that I would answer this question, but believe that I am or may be prohibited from doing so by Florida Code of Judicial Conduct Canons 3B(9) and 3B(10), which forbids judges from making "any public comment that might reasonably be expected to affect its outcome or impair its fairness" or "pledges, promises or commitments that are inconsistent with the impartial performance of the adjudicative duties of their office." This response also indicates that I would answer this question, but believe that if I did so, then I will or may be required to recuse myself as a judge in any proceeding concerning this answer on account of Florida Canons 3E(1) and 3(E)(1)(f), which requires a judge or judicial candidate to disqualify himself or herself when "the judge's impartiality might reasonably be questioned…" or when he or she "has made a public statement that commits, or appears to commit, the judge with respect to: (i) parties or classes of parties in the proceeding; (ii) an issue in the proceeding; or (iii) the controversy in the proceeding."

13. 10 candidates provided substantive answers to the questionnaire, *see id.* at 17-20, 22-23, 34-35, 57-58, 98-99, 102-03, 116-17, 123-24, 127-28, but FFPC will not publish the answers to prevent the possibility of subjecting that candidate to discipline based on the other candidates' responses.

14. Several judicial candidates asked the Judicial Ethics Advisory Committee ("JEAC") whether he could respond to the questionnaire without fear of discipline. In response, JEAC issued Judicial Ethics Opinion 06-18 on August 7, 2006, noting that judicial candidates may answer questionnaires such as FFPC's provided they indicated "that the answers do not

constitute a promise that the candidate will rule a certain way in a case" and acknowledged "the obligation to follow binding legal precedent anywhere it exists." *See Advisory Opinion 06-18* attached as Ex. 6.  JEAC further stated that

> when considering motions for disqualification, the "eye of the beholder" is the primary focus. Despite the fact a judicial candidate's pronouncements may be constitutionally protected speech and in compliance with ethical canons, the dispositive question is still whether the individual "beholder's" fear of partiality is reasonable, reasonableness being determined by a neutral and objective standard. . . . . The [judicial] candidate must not furnish answers that appear to bind the candidate if such issues arise once the candidate has assumed judicial office.

15.    On August 10, 2006, FFPC resent out a revised 2006 Primary Candidate Questionnaire via email or fax to both those who had previously responded to the questionnaire and to those who not. *See Second Explanatory Letter*, attached as Ex. 7; *Second 2006 Primary Judicial Candidate Questionnaire,* attached as Ex. 8.  It received 53 written responses, of which 25 judicial candidates declined to answer because of Canon 3E(1).  *See Judicial Candidate Second Responses* attached as Ex. 9 at 7-8, 19-24, 29-31, 43-44, 47-49, 73-75, 80-81, 84-85, 88-99, 102-14, 125-26.  Specifically, judicial candidates declined to answer because of the following:

> This response indicates that I would answer this question, but believe that if I did so, then I would be required to recuse myself as a judge in any proceeding concerning this answer because of Florida Canons 3E(1) and 3E(1)(f), which require a judge to disqualify himself or herself when "the judge's impartiality might reasonably be questioned" or when he or she ""has made a public statement that commits, or appears to commit, the judge with respect to: (i) parties or classes of parties in the proceeding; (ii) an issue in the proceeding; or (iii) the controversy in the proceeding." In this regard, my opinion is informed by Florida Supreme Court Judicial Ethics Advisory Committee Opinion No. 06-18 (Aug. 7, 2006), which states that "it must be remembered that when considering motions for disqualification, the 'eye of the beholder' is the primary focus. . . . [T]he dispositive question is . . . whether the individual 'beholder's' fear of partiality is reasonable, reasonableness being determined by a neutral and objective standard. . . . The [judicial] candidate must not furnish answers that appear to bind the

candidate if such issues arise once the candidate has assumed judicial office."
(Emphasis in original.)

FFPC published all the responses it received to both the first 2006 Primary Candidate Questionnaire and the second 2006 Primary Candidate Questionnaire on its website. *See Voter Guide* attached as Ex. 10. However, in light of other judicial candidates' responses, FFPC omitted the substantive responses it received to both of the questionnaires, noting for each such response that

> [t]his judicial candidate did respond to this question, but because of the type of response received, the Florida Family Policy Council has decided not to report the response in order to avoid potentially exposing the candidate to required disqualification or recusal. Nothing in this section should be considered to imply that the candidate responded to the stated proposition by indicating "Agree," "Disagree," "Undecided," "Decline" or "Refuse to respond".

*See id.* at 4 note ▲.

16. FFPC wants to publish substantive information on the views of judicial candidates on legal and political issues in order to educate and inform citizens. It wishes to accomplish this by receiving and publishing information from the judicial candidates regarding their views on disputed political and legal issues, as in the questions included in the 2006 Primary Candidate Questionnaire and the Second 2006 Primary Candidate Questionnaire. *See* Ex. 5 & 9.

17. However, Canon 3E(1)(f) on its face and Canons 3E(1) and 3E(1)(f) as applied to the Questionnaires, along with Advisory Opinion 6-18, chills judicial candidates' exercise of their speech and association rights. Judicial candidates are unable to make their views known so that the electorate may intelligently evaluate the candidates' personal qualities and their positions on vital public issues before choosing among them on election day. *Buckley v. Valeo*, 424 U.S. 1, 52-53 (1976). Judicial candidates will not tell the public their views on disputed political and

VERIFIED COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF

8

legal issues. *Republican Party of Minnesota v. White*, 536 U.S. 765, 788 (2002). By penalizing judicial candidates for exercising their freedom of speech on legal and political issues of concern to the voters, Canons 3E(1) and 3E(1)(f) require judicial candidates to withhold essential or important information from the voters as they seek to educate themselves and participate fully in democracy.

18.     As a result of Canon 3E(1) and Canon 3E(1)(f), as well as Advisory Opinion 6-18, although FFPC would like to publish and distribute substantive answers to both of the 2006 Primary Candidate Questionnaires and a 2006 General Election Questionnaire, FFPC is unable to fully exercise its free speech and association rights to receive and publish political information because judicial candidates have declined to answer the questions in both of the 2006 Primary Candidate Questionnaires. Further, if FFPC publishes the substantive responses it has received, it fears it will subject the responsive judicial candidate to discipline.

19.     Consequently, Canon 3E(1)(f) on its face and Canons 3E(1) and 3E(1)(f) as applied to the Questionnaires, along with Advisory Opinion 6-18, violates judges' free speech and association rights. By requiring judges to recuse themselves because of statements made during the election process, Canon 3E(1)(f) on its face, Canons 3E(1) and 3E(1)(f) as applied to the Questionnaires, and Advisory Opinion 6-18 force judicial candidates to refrain from speaking on issues essential to voters' decision-making process during elections, and forces FFPC to refrain from publishing any answers it receives, thereby violating Plaintiff's free speech and free association rights.

20. Immediate and irreparable injury, loss, and damage has occurred and will continue to occur as a result of Canon 3E(1) and Canon 3E(1)(f), and Advisory Opinion 6-18, thus chilling Plaintiffs' free speech and free association rights.

21. Plaintiff has no adequate remedy at law.

## COUNT I

**CANON 3E(1)(f)'S COMMITS CLAUSE IS ON ITS FACE UNCONSTITUTIONALLY VAGUE AND OVERBROAD, PROHIBITING AND CHILLING JUDICIAL CANDIDATES' PROTECTED POLITICAL SPEECH AND IMPINGING ON PLAINTIFF'S FREEDOM OF SPEECH AND ASSOCIATION.**

22. Plaintiff realleges the preceding paragraphs.

23. Canon 3E(1)(f) of the Florida Code of Judicial Conduct requires a judge to disqualify himself or herself when "the judge, while a judge or a candidate for judicial office, has made a public statement that commits, or appears to commit, the judge with respect to: (i) parties or classes of parties in the proceeding; (ii) an issue in the proceeding; or (iii) the controversy in the proceeding."

24. A law "is facially vague when it 'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application'." *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1355 (11th Cir. 2006) (*quoting Connally v. General Construction Co.,* 269 U.S. 385, 391 (1926)).

25. Canon 3E(1)(f) does not adequately define its commits clause since judicial candidates who wish to engage in constitutionally protected speech by announcing their views on disputed political and legal issues believe that these clauses prevent them from making such

announcements. As such, Canon 3E(1)(f) chills speech and is a vague, unconstitutional regulation of protected political speech and association under the First and Fourteenth Amendments.

26. An overbroad law is to be facially invalidated "'if the impermissible applications of the law are substantial when "judged in relation to the statute's plainly legitimate sweep."'" *Weaver v. Bonner,* 309 F.3d 1312, 1318 (11th Cir. 2002) (*quoting City of Chicago v. Morales,* 527 U.S. 41, 52 (1999) and *Broadrick v. Oklahoma,* 413 U.S. 601, 612-15 (1973)).

27. Canon 3E(1)(f) sweeps constitutionally protected announcements of personal views on disputed legal and political issues within the sphere of prohibited speech under the Canon and, thus, is not narrowly tailored but is an overbroad, unconstitutional regulation of protected political speech under the First and Fourteenth Amendments. *White,* 536 U.S. at 788.

### COUNT II

### CANON 3E(1) AND 3E(1)(f)'S RECUSAL REQUIREMENT IS UNCONSTITUTIONAL AS APPLIED TO THE QUESTIONNAIRES.

28. Plaintiff realleges the preceding paragraphs.

29. Canon 3E(1) specifically requires judges to disqualify themselves when a "judge's impartiality might reasonably be questioned . . . ." and when "(f) the judge, while a judge or a candidate for judicial office, has made a public statement that commits, or appears to commit, the judge with respect to: (i) parties or classes of parties in the proceeding; (ii) an issue in the proceeding; or (iii) the controversy in the proceeding."

30. This recusal requirement, as applied to the Questionnaires, has the effect of chilling speech because judicial candidates refrained from responding to the Questionnaires and

from thereby announcing their views on disputed legal and political issues raised in a judicial campaign for fear they must later recuse themselves from proceedings relating to such issues. *See Judicial Candidate Responses*, attached as Ex. 5 & 9.

31. Judicial candidates have the constitutional right to announce their views on legal and political issues. *Republican Party of Minnesota v. White,* 536 U.S. 765, 788 (2002). While the recusal requirement applies in appropriate situations in which a judge must recuse him or herself, such as a bias concerning a party or a party's lawyer before him, it also applies to protected speech when applied to the Questionnaires. This canon deprives judicial candidates of their right to inform voters of their views on disputed legal and political issues and imposes an unconstitutional penalty on judicial candidates who exercise their constitutional right to announce their views on disputed political and legal issues. Such an effect is in violation of the First and Fourteenth Amendment rights of freedom of speech.

32. Likewise, the recusal requirement restricts and chills FFPC's speech. Plaintiff FFPC is denied its right to receive and publish information regarding judicial candidates' personal views on contested legal and political issues, in violation of its First and Fourteenth Amendment rights to free speech and association. FFPC is also denied its right to free speech because it fears that publishing the answers furnished by a judicial candidate would require the judicial candidate as judge to recuse himself and subject him to discipline if he does not so disqualify himself.

## PRAYER FOR RELIEF

33. Plaintiff realleges the previous paragraphs.

**WHEREFORE,** Plaintiffs request this Court to:

(1) Declare Florida Judicial Canon 3E(1)(f) as unconstitutionally overbroad and vague in violation of the First and Fourteenth Amendments to the United States Constitution;

(2) Declare Florida Judicial Canon 3E(1)(f) as unconstitutionally chilling and prohibiting Plaintiffs' rights to speak and to receive and publish speech under the First and Fourteenth Amendments to the United States Constitution;

(3) Declare Florida Judicial Canons 3E(1) and 3E(1)(f) unconstitutional as applied to the Questionnaires in violation of free speech and freedom of association rights under the First and Fourteenth Amendments to the U.S. Constitution;

(4) Prohibit, by way of preliminary and permanent injunction, the Defendants, their agents, and successors from enforcing Florida Judicial Canon 3E(1)(f) and Florida Judicial Canon 3(1) and from filing or considering complaints based on these provisions against judicial candidates who respond to the Questionnaires and subsequent questionnaires, and all others similarly situated;

(5) Grant Plaintiffs' costs and attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

(6) Grant Plaintiffs such other relief as may be just and equitable.

Dated: August 28, 2006

Respectfully submitted,

James Bopp, Jr.*, Ind. #2838-84
Anita Y. Woudenberg*, Ind. 25162-64
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Ph.: 812/232-2434
Fax: 812/234-3685
*Lead Counsel for Plaintiff*
*Application for Admission filed August 28, 2006*

Eric S. Haug, Fla. #0850713
PENSON & PADGETT, P.A.
2810 Remington Green Circle
Tallahassee, Florida 32308-8708
Ph.: 850/561-8000
Fax: 850/561-8030
E-Mail: eshaug@nettally.com
*Local Counsel for Plaintiff*

## VERIFICATION

I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.

Dated: August 28, 2006

John Stemberger, President
Florida Family Policy Council
4853 S. Orange Ave.
Orlando, Florida 32806
Ph.: 407/251-1957
Fax: 407/251- 0023